**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| QUINTIN DAVIS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:24-CV-00754 AGF |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM AND ORDER

Before the Court is movant's motion for appointment of counsel in this § 2255. Movant, who is currently incarcerated at the United States Penitentiary in Marion, Illinois, seeks to have an attorney appointed on his behalf due to his incarceration and because of his poverty.

"There is no Sixth Amendment right to constitutionally effective counsel in § 2255 proceedings." *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010). Indeed, there is no right to counsel at all in such proceedings. *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) (explaining, in a § 2255 case, "The Sixth Amendment right to counsel does not extend to persons seeking post-conviction relief," because "[t]he matter is discretionary and not constitutional"). Rather, the Court may appoint counsel in a § 2255 case if the interests of justice so require. *See* 28 U.S.C. § 2255(g); 18 U.S.C. § 3006A(a)(2)(B); and *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (stating that it has never "been held that there is a constitutional right to counsel in a habeas action" and that appointment of counsel is reviewed "for abuse of discretion").

As no Case Management Order has yet been entered and no briefing has occurred, the Court will deny movant's motion for appointment of counsel at this time. Movant has

demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this action appear to be complex.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for appointment of counsel [ECF No. 4] is **DENIED without prejudice.**

Dated this 11th day of October, 2024.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE